J. Curtis Edmondson (CSB 236105)
Edmondson IP Law
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br> Plaintiff, <br> vs. <br><br> JOHN DOE subscriber assigned <br> IP address  174.85.39.241 <br><br><br> Defendant. | **Case No.: 2: 20-cv-00975-TJH-SP** <br><br> **DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES** <br><br> **JURY TRIAL DEMAND** |

Defendant JOHN DOE subscriber assigned IP address 174.85.39.241 (hereinafter "John Doe") by and through counsel hereby answers Plaintiff's ("S3H") complaint for copyright infringement.

## Introduction

1. With regard to paragraph 1, deny.

2. With regard to paragraphs 2 and 3, John Doe has no knowledge of these facts, and therefore denies.

3. With regard to paragraphs 4 and 5, deny.

4. With regard to paragraph 6, admit as to factual statements regarding S3H improperly bringing an action in Florida State Court. Deny that the Florida State Court had subject matter or personal jurisdiction over S3H's copyright claim.

## Jurisdiction and Venue

5. With regard to paragraphs 7-9, and 12 as to jurisdiction for the claim, deny that the acts of infringement occurred by John Doe.

6. With regard to paragraphs 10 and 11, John Doe has no knowledge of these facts, and therefore denies.

## Parties

7. With regard to paragraphs 13 John Doe has no knowledge of these facts, and therefore denies.

8. With regard to paragraphs 14, deny.

## Factual Background

9. With regard to paragraphs 15-27, 31, and 34-35, John Doe has no knowledge of these facts, and therefore denies.

10. With regard to paragraphs 28-30, 33, and 36 deny.

## COUNT I

### Direct Copyright Infringement

11. With regard to paragraph 37, John Doe incorporates by reference the statements made in paragraphs 1-10 in this Answer.

12. With regard to paragraphs 38 and 40, John Doe has no knowledge of these facts, and therefore denies.

13. With regard to paragraphs 39, 41 (and subparts), and 42, deny.

WHEREFORE, John Doe respectfully requests that S3H be denied such relief as requested in their prayer on pages 7-8 of the complaint, and award John Doe reasonable attorney fees and costs pursuant to statute and any other relief this Court may grant.

### DEMAND FOR JURY TRIAL

John Doe hereby demands a trial by jury.

### AFFIRMATIVE DEFENSES

### I. FAILURE TO MITIGATE DAMAGES

1. S3H has made no attempt to mitigate any actual or perceived damages, including but not limited to sending out DMCA take-down notices to the ISP for the IP address. The cost of sending DMCA notices is practically nil compared to the cost of filing a lawsuit and the process of sending DMCA notices can be automated. The sending of DMCA notices to the ISP can result in the termination of the Internet account, solving the alleged problem for S3H.

Further, S3H can identify the bittorrent "initial seeders" of the works at issue and take appropriate action, such as, either by corrupting the swarms, or by filing lawsuits against the seeders, rather, they actively encourage such seeding.

## II. UNCLEAN HANDS AND INEQUITABLE CONDUCT

2. S3H has unclean hands in their enforcement of the copyrights that are at issue in this case.  S3H has improperly filed a state court action for which there is no subject matter or personal jurisdiction over Doe.

## III. WAIVER AND IMPLIED LICENSE

3. S3H has waived its copyrights by simultaneously distributing free versions of its movies across numerous websites, with no obligation by the consumer to purchase those movies.   S3H was aware of such free distribution.

## IV. COPYRIGHT MISUSE

4. S3H has knowingly misused court process and procedure, *inter alia,* that the Florida state court process, for which the court in Florida has no subject matter or personal jurisdiction over a copyright claim.   The Copyright Monopoly has not been extended to allow S3H to file claims in state court, bypassing the federal rules of civil procedure, and the oversight of a Federal Court system.

## V. FAILURE TO JOIN NECESSARY PARTIES

5. S3H has failed to join all actual and potential joint infringers including, but not limited to, other participants in the BitTorrent swarm and the website that hosted the ".torrent' file.

## VI. FAIR USE AND OTHER STATUTORY DEFENSES
## 17 U.S.C. 107-122, 512

6. Defendant is entitled to the statutory defenses under 17 U.S.C 107 to 17 U.S.C 122, and 17 USC 512 (DMCA).

## VII. SINGLE SATISFACTION AND EQUITABLE OFFSET

7. Defendant claims that other members of the same torrent hash have settled barring further recovery. Further, Defendant is entitled to an equitable offset based on prior settlements for the same work.

## VIII. STANDING

8. Defendant lacks standing to bring these claims as they are not the owner of the copyright.

## IX. RIGHT TO AMEND

9. Defendant further requests the right to amend these affirmative defenses as additional facts are learned during discovery.

## PRAYER FOR RELIEF

WHEREAS, Defendant Prays as follows:

      A. Plaintiff be denied all relief both at law and in equity;

      B. Defendant be awarded costs;

      C. Defendant be awarded attorney fees pursuant to statute;

      D. Any other relief this Court may grant in it's discretion.

Respectfully submitted,

Dated April 10, 2020         /s/ *J. Curtis Edmondson*
                              J. Curtis Edmondson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on this April 10, 2020, a true and accurate copy of the above and foregoing Answer and Affirmative Defenses was filed with the District Court's CM/ECF system, which provides service to all counsel of record.

Dated April 10, 2020                   By: /s/ *J. Curtis Edmondson*
                                            J. Curtis Edmondson